**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MICRON TECHNOLOGY, INC. and MICRON
SEMICONDUCTOR PRODUCTS, INC.,

　　　*Plaintiffs*,

　　　v.

NETLIST, INC.,

　　　*Defendant*.

C.A. No. _____

JURY TRIAL DEMANDED

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Plaintiffs Micron Technology, Inc. ("MTI") and Micron Semiconductor Products, Inc. ("MSP") (collectively, "Micron") seek a declaration that Micron does not directly or indirectly infringe United States Patent Nos. 9,128,632 (the "'632 patent") (attached as **Exhibit A**), 10,217,523 (the "'523 patent") (attached as **Exhibit B**), and 12,675,407 (the "'407 patent") (attached as **Exhibit C**), either literally or under the doctrine of equivalents, as follows:

**NATURE OF THE ACTION**

1.　　This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

2.　　Micron is the only United States founded memory semiconductor designer and manufacturer and has become a world leader in innovative computer-memory and data-storage solutions, employing thousands of people in Idaho, where Micron maintains its headquarters, throughout the United States, and abroad.  Micron's success, however, has come with a price: fending off baseless assertions of patent infringement by patent enforcement entities.  These

patentees attempt to shake down Micron for license fees, and if Micron refuses, they attempt to strong-arm compliance by forcing Micron to spend millions of dollars engaging in necessarily complex and protracted patent litigation.

3.    One such patentee that Micron has had to fend off is Defendant Netlist, Inc. ("Netlist"). Unable to compete with innovators in the marketplace, Netlist's "business" has become bringing patent infringement suits, apparently to drive up litigation costs and pressure the true innovators, such as Micron, to pay what amounts to a business tax, i.e., pay Netlist to settle meritless suits.  True to that mission, Netlist has targeted Micron repeatedly by making non-credible infringement allegations of facially invalid patents.

4.    Netlist has a history of asserting patents against Micron's memory products, including DDR4 memory modules, DDR5 memory modules, and High Bandwidth Memory (HBM) products. Netlist has pursued a litigation campaign against Micron and other suppliers of JEDEC standard-compliant memory modules for the past several years, filing numerous patent infringement lawsuits in federal courts including the Western District of Texas and the Eastern District of Texas. Multiple patents that Netlist has asserted against Micron have subsequently been invalidated by the U.S. Patent and Trademark Office ("Patent Office") in *inter partes* review and post-grant review proceedings. Despite these invalidations, Netlist continues to assert its patents against Micron and other suppliers of JEDEC standard-compliant memory modules.

5.    For example, Netlist, on April 28, 2021, sent a letter to Micron's President and CEO, Sanjay Mehrota, at Micron's headquarters in Boise alleging that Micron's DIMM products infringe numerous Netlist patents including the '523 and '632 patents and related patents, and demanding that Micron take a license to Netlist's patents.

6. Netlist continued its allegations that Micron's DIMM products infringe its patents and its demand that Micron take a license in numerous other communications between the parties, including a May 19, 2021 letter from Netlist's Chief Licensing Officer, Marc Frechette stating Netlist's "desire to engage in discussions to reach agreement on royalty-bearing licenses to Netlist patents for RDIMM, LRDIMM, and NVDIMM products offered by Micron" and other follow-up letters sent on, for example, May 28, 2021 and June 14, 2021.

7. Netlist also asserted that Samsung DDR4 LRDIMMs infringe at least one claim of the '523 patent on February 7, 2022 in District of Delaware C.A. No. 21-1453-JLH. Judge Hall heard *Markman* arguments during that case on October 26, 2023.

8. Netlist also asserted that Samsung DDR5 DIMMs infringe at least one claim of the '407 patent on July 6, 2026 in Eastern District of Texas Case No. 2-26-cv-553. The dispute was also at issue in District of Delaware C.A. No. 26-821-JLH.

9. Netlist also asserted that Micron's DDR5 RDIMM and MRDIMM products infringe claim 1 of the '523 patent and claim 1 of the '407 patent in Central District of California Case No. 8-26-cv-2167 filed today.

10. Micron seeks a declaratory judgment that it does not infringe the '632, '523, and '407 patents.

## THE PARTIES

11. Micron Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

12. Micron Semiconductor Products, Inc. is a corporation organized and existing under the laws of the State of Idaho, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

13.     Netlist, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 111 Academy Drive, Suite 100, Irvine, California, 92617.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over the claim for declaratory judgment of non-infringement under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

15.     This Court has personal jurisdiction over Netlist, Inc., a corporation organized and existing under the laws of the State of Delaware.

16.     Venue is proper in this District under 28 U.S.C. § 1391(b)–(c) because Netlist is subject to personal jurisdiction in this District.

17.     An immediate, real, and justiciable controversy exists between Micron and Netlist as to whether Micron has infringed the '632, '523, and '407 patents.

18.     Because this action presents an actual controversy with respect to the '632, '523 and '407 patents, the Court may grant declaratory relief sought pursuant to 28 U.S.C. § 2201 *et seq*.

## BACKGROUND

**A.     The Parties' Multiple Patent Infringement Litigations in Delaware**

19.     Netlist has pursued a litigation campaign against Micron and other suppliers of JEDEC standard-compliant memory modules for the past several years. Netlist has alleged infringement of multiple patents based on the practice of JEDEC memory standards. Pending Delaware cases between the parties include at least the following:

- *Micron Techs., Inc. v. Netlist, Inc.*, C.A. No. 25-629-JLH (D. Del.)
- *Micron Techs., Inc. v. Netlist, Inc.*, C.A. No. 25-863-JLH (D. Del.)
- *Micron Techs., Inc. v. Netlist, Inc.*, C.A. No. 25-942-JLH (D. Del.)
- *Netlist, Inc. v. Micron Techs., Inc.*, C.A. No. 26-246-JLH (D. Del.) (Consolidated with C.A. Nos. 25-629-JLH and 25-863-JLH)

- *Netlist, Inc. v. Micron Techs., Inc.*, C.A. No. 26-362-JLH (D. Del.) (Consolidated with C.A. No. 25-942-JLH)
- *Micron Techs., Inc. v. Netlist, Inc.*, C.A. No. 26-641-JLH (D. Del.)

**B.    Netlist's Prosecution of the '632 Patent**

20.    On July 27, 2013, Netlist filed U.S. Patent Application No. 13/952,599 ("the '599 application"), which ultimately issued as the '632 patent.

21.    Netlist filed multiple continuation applications claiming priority to the '632 patent including U.S. Patent Nos. 9,563,587, 10,860,506, 9,824,035, 10,268,608, and 11,762,788.

22.    On April 22, 2015, the Patent Office issued a Notice of Allowance, and on September 8, 2015, the '599 application issued as the '632 patent.

23.    Netlist asserted that Micron's DIMM products infringe the '632 patent in at least Netlist's April 28, 2021 correspondence.  For at least the reasons explained in Count I, Micron's DDR5 products do not infringe the claims of the '632 patent.

**C.    Netlist's Prosecution of the '523 Patent**

24.    On March 29, 2014, Netlist filed U.S. Patent Application No. 14/229,844 ("the '844 application"), which ultimately issued as the '523 patent.

25.    The '523 patent claims continuation priority to the following non-provisional patents: U.S. Patent Nos.8,689,064, 8,359,501, and 8,001,434.

26.    The following patents claim priority through the '523 patent: U.S. Patent Nos. 11,862,267 and 12,494,262.

27.    On October 16, 2018, the Patent Office issued a Notice of Allowance, and on February 26, 2019, the '844 application issued as the '523 patent.

28.    Netlist asserted that Micron's DIMM products infringe the '523 patent in at least Netlist's April 28, 2021 correspondence.

29. Netlist also asserted that Samsung DDR4 LRDIMMs infringe at least one claim of the '523 patent on February 7, 2022, in District of Delaware C.A. No. 21-1453-JLH. Netlist relied upon Samsung's DDR5 compliance with the JEDEC standard for its accusations. *See, e.g.*, *id.*, D.I. 40 at ¶¶ 39 and 41-42. Judge Hall heard *Markman* arguments during that case on October 26, 2023. *See, e.g.*, *id.* at D.I. 201. For at least the reasons explained in Count II, Micron's DDR5 products do not infringe the claims of the '523 patent.

**D.     Netlist's Prosecution of the '407 Patent**

30. On November 1, 2024, Netlist filed U.S. Patent Application No. 18/935,410 ("the '410 application"), which is a continuation of the applications that ultimately issued as U.S. Patent Nos. 12,135,644; 11,513,955; 10,884,923; and 10,324,841.

31. On April 8, 2026, the Patent Office issued a Notice of Allowance for the '410 application, and on July 7, 2026, the '410 application issued as the '407 patent.

32. On July 7, 2026, Netlist filed a complaint in the Eastern District of Texas alleging that the '407 patent is infringed by DDR5 products manufactured by Samsung entities. *See* Exhibit A (*Netlist, Inc. v. Samsung Electronics Co., Ltd.*, E.D. Texas Case No. 2:26-cv-00553 at ¶¶ 47-79). Netlist relied upon Samsung's DDR5 compliance with the JEDEC standard for its accusations. *See, e.g.*, *id.* at ¶¶ 55 and 66. For at least the reasons explained in Count III, Micron's DDR5 products do not infringe the claims of the '407 patent.

<u>**COUNT I**</u>
<u>(Declaration of Non-Infringement of the '632 Patent)</u>

33. Micron restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

34. The Patent Office issued the '632 patent on September 8, 2015. Netlist is the assignee on the face of the patent and thus has an ownership interest in the '632 patent.

35.    The '632 patent has three independent claims, *i.e.*, claims 1, 6 and 12. Independent claim 1 reads as follows:

| Element | Claim Language |
|---|---|
| Preamble | 1. A memory module to operate in a memory system with a memory controller, the memory system operating according to a system clock, the memory system including a memory bus coupling the memory module to the memory controller, the memory bus including a set of control/address signal lines and a plurality of sets of data/strobe signal lines, the memory module comprising: |
| (a) | a module control device to receive memory command signals from the memory controller and to output module command signals and module control signals in response to the memory command signals; |
| (b) | memory devices organized in groups, each group including at least one memory device, the memory devices receiving the module command signals from the module control device and performing one or more memory operations in accordance with the module command signals; and |
| (c) | a plurality of buffer circuits to receive the module control signals, each respective buffer circuit corresponding to a respective group of memory devices and coupled between the respective group of memory devices and a respective set of the plurality of sets of data/strobe signal lines, the respective buffer circuit including data paths for communicating data between the memory controller and the respective group of memory devices, the data paths being controlled by at least one of the module control signals; and |
| (d) | wherein the plurality of buffer circuits are distributed across a surface of the memory module in positions corresponding to respective sets of the plurality of sets of data/strobe signal lines such that each module control signal arrives at the plurality of buffer circuits at different points in time, and |
| (e) | wherein the each respective buffer circuit is configured to determine a respective time interval based on signals received by the each respective buffer circuit during a memory write operation and is further configured to time transmission of a respective set of read data signals received from the respective group of memory devices in accordance with the time interval and a read latency parameter of the memory system during a memory read operation. |

36.    Micron has not directly or indirectly infringed any claim of the '632 patent, either literally or under the doctrine of equivalents, at least because the Micron DDR5 products do not employ, incorporate, or otherwise make use of, all of the limitations of the claims of the '632 patent.

37. For example, claim 1 of the '632 patent requires wherein the each respective buffer circuit is configured to determine a respective time interval based on signals received by the each respective buffer circuit during a memory write operation and is further configured to time transmission of a respective set of read data signals received from the respective group of memory devices in accordance with the time interval and a read latency parameter of the memory system during a memory read operation. Micron's DDR5 products do not satisfy these claim elements.

38. Micron, its customers, and its end users are not liable for infringement of the '632 patent for any DDR5 products made, imported, or sold by Micron.

39. A substantial, immediate, and real controversy exists between Micron and Netlist regarding whether Micron or its customers or end users infringe the '632 patent by making, using, selling, and/or offering for sale the Micron DDR5 products in the United States, or by importing the Micron DDR5 products into the United States. A judicial declaration is necessary to determine the parties' respective rights regarding the '632 patent.

40. Micron seeks a judgment declaring that Micron and its customers and end users do not infringe the '632 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron DDR5 products in the United States, or by importing the Micron DDR5 products into the United States, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. § 271(b)–(c).

## COUNT II
### (Declaration of Non-Infringement of the '523 Patent)

41. Micron restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

42. The Patent Office issued the '523 patent on February 26, 2019. Netlist is the assignee on the face of the patent and thus has an ownership interest in the '523 patent.

43.    The '523 patent has two independent claims, *i.e.*, claims 1 and 19. Independent claim 1 reads as follows:

| Element | Claim Language |
| --- | --- |
| Preamble | 1. A memory module accessible in a computer system by a system memory controller via a system memory bus, comprising: |
| (a) | memory devices mounted on a circuit board, the memory devices having address and control ports and data ports; |
| (b) | a data module mounted on the circuit board and coupled between the data ports of the memory devices and the system memory bus, the data module including data handler logic elements; and |
| (c) | a control module mounted on the circuit board and coupled to the data module, the address and control ports of the memory devices, and the system memory bus; and |
| (d) | wherein the memory module is operable in any of a plurality of modes including a first mode and a second mode; |
| (e) | wherein the control module in the first mode is configured to receive system address and control signals from the system memory controller and to output first memory address and control signals to the memory devices according to the system address and control signals, and the data module in the first mode is configured to propagate one or more first data signals between the memory devices and the system memory controller, the one or more first data signals being transmitted or received by at least a portion of the memory devices in response to the first memory address and control signals; and |
| (f) | wherein the control module in the second mode is configured to output second memory address and control signals to the address and control ports of the memory devices, and the data module in the second mode is configured to isolate the memory devices from being accessed by the system memory controller and to transmit one or more second data signals including data patterns provided by the data handler logic elements to the data ports of the memory devices according to one or more commands output from the control module, and wherein at least a portion of the memory devices are configured to receive the one or more second data signals according to the second memory address and control signals from the control module. |

44.    Micron has not directly or indirectly infringed any claim of the '523 patent, either literally or under the doctrine of equivalents, at least because the Micron DDR5 products do not employ, incorporate, or otherwise make use of, all of the limitations of the claims of the '523 patent.

45.    For example, claim 1 of the '523 patent requires wherein a control module in a first mode is configured to receive system address and control signals from the system memory controller and to output first memory address and control signals to the memory devices according to the system address and control signals, and the data module in the first mode is configured to propagate one or more first data signals between the memory devices and the system memory controller, the one or more first data signals being transmitted or received by at least a portion of the memory devices in response to the first memory address and control signals and wherein the control module in a second mode is configured to output second memory address and control signals to the address and control ports of the memory devices, and the data module in the second mode is configured to isolate the memory devices from being accessed by the system memory controller and to transmit one or more second data signals including data patterns provided by the data handler logic elements to the data ports of the memory devices according to one or more commands output from the control module, and wherein at least a portion of the memory devices are configured to receive the one or more second data signals according to the second memory address and control signals from the control module. Micron's DDR5 products do not satisfy these claim elements.

46.    Micron, its customers, and its end users are not liable for infringement of the '523 patent for any DDR5 products made, imported, or sold by Micron.

47.    A substantial, immediate, and real controversy exists between Micron and Netlist regarding whether Micron or its customers or end users infringe the '523 patent by making, using, selling, and/or offering for sale the Micron DDR5 products in the United States, or by importing the Micron DDR5 products into the United States. A judicial declaration is necessary to determine the parties' respective rights regarding the '523 patent.

48.    Micron seeks a judgment declaring that Micron and its customers and end users do not infringe the '523 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron DDR5 products in the United States, or by importing the Micron DDR5 products into the United States, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. § 271(b)–(c).

## COUNT III
### (Declaration of Non-Infringement of the '407 Patent)

49.    Micron restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

50.    The Patent Office issued the '407 patent on July 7, 2026. Netlist is the assignee on the face of the patent and thus has an ownership interest in the '407 patent.

51.    The '407 patent has two independent claims, *i.e.*, claims 1 and 6. Independent claim 1 reads as follows:

| Element | Claim Language |
|---|---|
| Preamble | A memory module operable in a computer system having a memory controller and a system bus, the system bus including one or more clock signal lines, control/address (C/A) signal lines and data signal lines, the memory module comprising: |
| (a) | a printed circuit board (PCB) having connectors configured to provide electrical connections between the memory module and the system bus; |
| (b) | memory devices mounted on the PCB and organized in a plurality of groups, wherein a respective group of the memory devices is configurable to communicate data with the memory controller via a corresponding subset of the data signal lines; |
| (c) | circuitry mounted on the PCB and configurable to: |
| (d) | receive from the memory controller a system clock via the one or more clock signal lines and input control and address (C/A) signals via the C/A signal lines; |
| (e) | generate module C/A signals in response to the input C/A signals; |
| (f) | generate a plurality of local clocks corresponding, respectively, to the plurality of groups of the memory devices, the plurality of local clocks having respective phase relationships with the system clock, the respective phase relationships being programmable independently of each other; and |
| (g) | output the module C/A signals to the memory devices; and |

- 11 -

| (h) | output the plurality of local clocks to the memory devices, wherein a respective local clock having a respective programmable phase relationship with the system clock is output to a corresponding group of the memory devices and not to any other group of the memory devices, wherein the corresponding group of the memory devices is configurable to perform memory read or write operations by communicating data signals with the memory controller via a corresponding subset of data signal lines in accordance with the respective local clock. |
|---|---|

52.     Micron has not directly or indirectly infringed any claim of the '407 patent, either literally or under the doctrine of equivalents, at least because the Micron DDR5 products do not employ, incorporate, or otherwise make use of, all of the limitations of the claims of the '407 patent.

53.     For example, claim 1 of the '407 patent requires a memory module having circuity mounted on a printed circuit board configurable to—among other things—generate a plurality of local clocks corresponding, respectively, to the plurality of groups of the memory devices, the plurality of local clocks having respective phase relationships with the system clock, the respective phase relationships being programmable independently of each other; and output the plurality of local clocks to the memory devices, wherein a respective local clock having a respective programmable phase relationship with the system clock is output to a corresponding group of the memory devices and not to any other group of the memory devices, wherein the corresponding group of the memory devices is configurable to perform memory read or write operations by communicating data signals with the memory controller via a corresponding subset of data signal lines in accordance with the respective local clock. Micron's DDR5 products do not satisfy these claim elements.

54.     Micron, its customers, and its end users are not liable for infringement of the '407 patent for any DDR5 products made, imported, or sold by Micron.

55.    A substantial, immediate, and real controversy exists between Micron and Netlist regarding whether Micron or its customers or end users infringe the '407 patent by making, using, selling, and/or offering for sale the Micron DDR5 products in the United States, or by importing the Micron DDR5 products into the United States. A judicial declaration is necessary to determine the parties' respective rights regarding the '407 patent.

56.    Micron seeks a judgment declaring that Micron and its customers and end users do not infringe the '407 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron DDR5 products in the United States, or by importing the Micron DDR5 products into the United States, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. § 271(b)–(c).

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 and D. Del. LR 38.1, Micron demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Micron prays for judgment and relief as follows:

(a)    Declare that Micron does not directly or indirectly infringe the '632, '523, or '407 patent, either literally or under the doctrine of equivalents, and that it is not liable for damages or injunctive relief based on any claim in the '632, '523, or '407 patent;

(b)    Declare that Netlist is barred from seeking and/or enforcing injunctive relief against Micron (including its affiliates) or its direct or indirect customers and end-users in any jurisdiction with respect to any alleged infringement of the '632, '523, or '407 patent;

(c)      Enjoin Netlist from seeking and/or enforcing injunctive relief against Micron (including its affiliates) or its direct or indirect customers and end users in any jurisdiction with respect to any alleged infringement of the '632, '523, or '407 patent;

(d)      Declare that judgment be entered in favor of Micron and against Netlist on each of Micron's claims;

(e)      Find that this is an exceptional case under 35 U.S.C. § 285 and award Micron its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. §285 and all other applicable statutes and rules in common law that would be appropriate, with pre- and post-judgment interest thereon;

(f)      Award Micron its costs and attorneys' fees in connection with this action;

(g)      Award Micron pre-judgment and post-judgment interest; and

(h)      Such further and additional relief as the Court deems just and proper.


Dated: August 10, 2026

*Of counsel:*

Natalie Arbaugh
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600
NArbaugh@kslaw.com

Michael R. Rueckheim
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
(415) 318-1200
MRueckheim@kslaw.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Micron
Technology, Inc. and Micron
Semiconductor Products, Inc.*